IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Julius W. Frazier, #232788, ) | C/A No. 8:14-2786-TMC-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden E. Taylor, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Julius W. Frazier ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner is a prisoner committed to the South Carolina Department of Corrections ("SCDC"), and he is incarcerated at MacDougall Correctional Institution. He challenges his conviction of possession with intent to distribute cocaine and his sentence. The Petition is subject to summary dismissal.

Background

In this habeas corpus action pursuant to 28 U.S.C. § 2254, the first one brought by Petitioner to challenge his May 30, 2013, state conviction of possession with intent to distribute cocaine and five-year sentence, Petitioner raises several grounds for relief. [Doc. 1 at 1–2, 5–11.] The grounds for relief include the following—conviction was unlawful because it was based on an affidavit unsigned by a judge; conviction was unlawful because, based on SLED records, the police did not have evidence to prove the drug offense; the court lacked jurisdiction because no evidence supported the charge; and, Petitioner was denied the right to a preliminary hearing. [*Id*. at 5–11.] Petitioner alleges that he did not raise any of the grounds for relief during state proceedings. [*Id*.] He asserts that the grounds raised in the instant action are separate and distinct from the grounds he

is raising in the state PCR action [doc. 1 at 5, 8–9], alleging that the primary ground in the PCR action is ineffective assistance of counsel. [Doc. 1-4 at 3.]

This Court takes judicial notice that Petitioner has an action pending in the Charleston County Court of Common Pleas wherein he seeks post-conviction relief ("PCR") from his conviction and sentence, and he is represented by an attorney. *See* Charleston Cnty. Pub. Index, http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch.aspx (enter "Julius Frazier" and "search," then click "2013CP1004456," and click "Actions") (last visited Aug. 12, 2014); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

On July 29, 2014, this Court directed Petitioner to answer a court special interrogatory. [Doc. 7.]  Therein, Petitioner was instructed to explain whether he filed a direct criminal appeal, which grounds were raised, and whether it is pending; he responded that he did not file a direct criminal appeal. [Doc. 9.]  Petitioner requests that this Court hear his grounds for relief although he has not presented them to a state court because he "is challenging the jurisdiction of the court to convict him on an unsigned arrest warrant (by a Judge).  The matter was ignored by his plea counsel or attorney . . . ." [*Id*.]

Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court.  Petitioner filed this action *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915.  This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam).  However, even under this less stringent standard, the Petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed because Petitioner has not yet exhausted his state court remedies.  With respect to his conviction and sentence, Petitioner may seek a writ of habeas corpus under 28 U.S.C. § 2254 only after he has exhausted his state court remedies.  *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo,* 548 U.S. 81, 92 (2006) (noting that a "state prisoner is

generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'").  To exhaust state court remedies in South Carolina, a direct appeal may be pursued.  *See State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007).  If a direct appeal was filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner may file an application for post-conviction relief ("PCR") in a court of common pleas.  *See* S.C. Code Ann § 17-27-10 *et seq.* (1976); *see also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy).  If a South Carolina prisoner's PCR application is denied or dismissed by a court of common pleas, a petitioner can file a request for writ of certiorari with a South Carolina appellate court.  *See* S.C. Code Ann § 17-27-100 (1976); *Knight v. State*, 325 S.E.2d 535 (S.C. 1985).  In fact, if a petitioner's PCR application is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his PCR application may be barred by a procedural default.  *See Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion).

In this case, Petitioner did not file a direct appeal.  He did file a PCR action, and it is still pending.  Thus, at this point there does not appear to be the absence of available state corrective process.  *See* 28 U.S.C. § 2254(b)(1)(B).  The fact that Petitioner alleges the federal habeas action raises separate and distinct grounds for relief than the grounds

he is raising in his pending state PCR action does not make a difference because he did not file a direct appeal in order to exhaust the grounds he seeks to raise at this time. In other words, if Petitioner previously had exhausted the instant grounds for relief during a direct criminal appeal, he may have been able to bring this federal habeas petition raising grounds for relief different from the grounds raised in his state PCR action. *See, e.g., Wolfe v. Weisner*, 488 F.3d 234, 238 n.5 (4th Cir. 2007) (even if a petitioner did not exhaust a claim during the PCR process, it may be exhausted because it was presented and ruled upon by the state high court on direct appeal). However, because no direct appeal was filed and Petitioner's state PCR action is pending, there is not an absence of available state corrective process. Moreover, this Court is not convinced that Petitioner's federal grounds for relief are different from the state grounds. For example, Petitioner's trial attorney allegedly ignoring the unsigned arrest warrant and lack of the court's jurisdiction (a federal ground) could be part of a claim of ineffective assistance of counsel (a state ground).

In certain circumstances, a petitioner need not present his claims to the state courts prior to bringing a federal habeas action such as where inordinate delay or inaction in state proceedings may render state remedies ineffective. *See* 28 U.S.C. § 2254(b)(1)(B)(ii) (if "circumstances exist that render such process ineffective to protect the rights of the applicant," the applicant may be excused from exhaustion of state court remedies); *Ward v. Freeman*, No. 94-6424, 1995 WL 48002 (4th Cir. Feb. 8, 1995); *Mack v. South Carolina*, C/A No. 9:10-2511-HFF-BM, 2010 WL 4961729 (D.S.C. Nov. 5, 2010). However, because Petitioner does not allege inordinate delay or inaction, this exception to the rule that claims must be exhausted does not apply to his case.

The United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his state remedies.[1] *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## Recommendation

Accordingly, it is recommended that this action be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

August 12, 2014
Greenville, South Carolina

---

[1] There are specific time limitations for filing a habeas action in this federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).